IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parentage of E.S., | ) | |
| | ) | No. 37760-1-III |
| JEREMY SODORFF, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TARA ROBINSON, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, A.C.J. — Tara Robinson appeals the trial court's denial of her motion to relocate with her and Jeremy Sodorff's then-7-year-old son from Naches to Enumclaw. She contends the trial court applied the wrong legal standard and addressed the statutory relocation factors with conclusions of law, rather than the required findings of fact. She also challenges the denial of her motion for reconsideration.

We find no error or abuse of discretion, affirm the trial court, and deny Ms. Robinson's request for an award of attorney fees on appeal.

FACTS AND PROCEDURAL BACKGROUND

Jeremy Sodorff and Tara Robinson are the parents of a son, E.S.,[1] who was born in August 2012.  They never married.  When they began living apart in the fall of 2015, E. lived primarily with Ms. Robinson and lived with Mr. Sodorff two to three nights a week pursuant to an informal arrangement.  E. was born in Naches and both parents continued to reside in Naches.

In October 2018, the parents signed a parenting plan under which E. lived with Mr. Sodorff from Wednesday to Sunday in alternating weeks, amounting to 4 out of 14 overnights.  The plan permitted modification by agreement and by the time Ms. Robinson filed the relocation motion whose denial she appeals, E. had been living with Mr. Sodorff 5 out of 14 overnights.

In mid-November 2019, Ms. Robinson filed a notice of intent to move with then-7 year-old E. from Naches to Enumclaw on March 1, 2020.  She identified her reasons for moving as "Moving in with significant other prior to the birth of our child[,] To be closer to my family / support system, [and] Pursuing better job opportunity."  Clerk's Papers (CP) at 252.  Mr. Sodorff filed an objection to the move and to Ms. Robinson's proposed changes to their parenting plan.

---

[1] We identify the parties' son by his initial to protect his privacy.  *Cf.* General Order of Division III, *In Re the Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), http://www.courts.wa.gov/appellate_trial _courts/?fa=atc.genorders_orddisp&ordnumber=2012_001&div=III.

No. 37760-1-III
*Sodorff v. Robinson*

In January 2020, Ms. Robinson filed a motion for a temporary order allowing her to move with E. before the trial on her relocation motion. Following a hearing on the motion, a court commissioner denied it, finding "the father has overcome the presumption in favor of relocation" and "[t]he move would be detrimental to the child at this time." CP at 188. The order continued, "Mother may note this matter for trial but [E.] shall not be moved prior to summer." *Id.*

The relocation motion proceeded to a one-day trial in August 2020. The trial court filed a five-page, single-spaced letter opinion the next day. Its introduction explained that Ms. Robinson enjoyed a presumption in her favor that relocation would be permitted, and in order to overcome that presumption, Mr. Sodorff was required to demonstrate that the detrimental effect of the proposed relocation outweighed the benefit of the change based on factors provided by RCW 26.09.520. It stated that the court had "carefully weighed and considered each of the relocation factors as set forth below," and found that Mr. Sodorff had overcome the presumption. *Id.*

The introduction was followed by a lengthy discussion of the evidence and findings by the trial court. Each of the 11 statutory relocation factors provided by RCW 26.09.520 was called out by number and the court's factual findings with respect to each factor were set forth. An order denying relocation entered thereafter incorporated by reference the findings set forth in the letter decision.

3

Ms. Robinson moved for reconsideration, citing as reasons that "the court did not properly deal with the mother's presumption" and that the opinion cited testimony of the mother slapping the child, whereas the testimony was, instead, that the child slapped the mother. CP at 203. The motion was denied. Ms. Robinson appeals.

ANALYSIS

Ms. Robinson makes five assignments of error that fall within three categories. She first contends that the trial court applied the wrong legal standard in determining whether to permit relocation, assigning error on that basis to the court's finding on two relocation factors (assignments of error 1, 2, and 3). She then contends that the trial court erred in concluding that Mr. Sodorff overcame the presumption in favor of relocation (assignment of error 4) and in denying Ms. Robinson's motion for reconsideration (assignment of error 5). We address the issues in that order.

I.    THE RELOCATION FACTORS SET FORTH IN RCW 26.09.520 PRESENT ISSUES OF FACT
      AND WERE PROPERLY CONSIDERED AND ANALYZED BY THE TRIAL COURT

As the person with whom E. resided a majority of the time in 2019, Ms. Robinson had the right to notify Mr. Sodorff of her intention to relocate, in response to which Mr. Sodorff could object and the relocation request would be decided by the court. RCW 26.09.430, .480, .560. By statute, "[t]here is a rebuttable presumption that the intended relocation of the child will be permitted," but the objecting parent "may rebut the presumption by demonstrating that the detrimental effect of the relocation outweighs the

4

benefit of the change to the child and the relocating person," based on 11 statutory factors. RCW 26.09.520. The factors are not weighted, nor is any inference to be drawn from the order in which they are listed. *Id.* The statutory presumption that relocation will be permitted is based on "'the traditional presumption that a fit parent will act in the best interests of the child,'" but can be overcome by the objector's statutory demonstration otherwise. *In re Marriage of Horner*, 151 Wn.2d 884, 895, 93 P.3d 124 (2004) (quoting *In re Custody of Osborne*, 119 Wn. App. 133, 144, 79 P.3d 465 (2003)).

The Supreme Court held in *Horner* that a trial court must consider all the child relocation factors, explaining that consideration of all of them is logical, "because they serve as a balancing test between many important and competing interests and circumstances involved in relocation matters." *Id.* at 894. It held that the trial court can document its consideration by entering findings of fact on each factor, which is ideal, or, where substantial evidence was presented on each factor, by making findings or oral articulations that reflect that it considered each factor. *Id.* at 896.

Ms. Robinson contends the trial court committed two errors in its consideration of the third and sixth relocation factors. Those factors are:

> (3) Whether disrupting the contact between the child and the person seeking relocation would be more detrimental to the child than disrupting contact between the child and the person objecting to the relocation; [and]
>
> . . . .
>
> (6) The age, developmental stage, and needs of the child, and the likely impact the relocation or its prevention will have on the child's

physical, educational, and emotional development, taking into
consideration any special needs of the child.

RCW 26.09.520(3), (6).

She contends first that the court's "finding" with respect to each of factors 3 and 6

is a conclusion of law rather than a finding of fact. Addressing factor 3, the relative

detriment to E. of disrupting his contact with Ms. Robinson or Mr. Sodorff, the court

made the following findings:

> Disrupting the contact between child and mother would be detrimental to
> [E.] However, disrupting his contact with the father would be most
> devastating to him. Both have significant and important relationships with
> this child. Even though the mother is the primary residential placement, the
> child's relationship with his father is extremely important and of the highest
> quality. This relationship enhances the child's life and allows him to
> succeed and thrive.

CP at 193. Addressing factor 6, E.'s needs, and the likely impact that relocation or its

prevention would have on his development, the court made the following findings:

> [E.] is 7. It is believed he will enter the 3rd grade next academic year after
> he turns 8 this month. He is a normal, active boy, with a few exceptions.
> He has the developmental status and needs of a normal child of that age.
> He has no "special needs" to the extent that he has a diagnosis,
> [individualized education program] or has had counseling. However, he
> has "struggled" with social situations and academics at school. His father
> and step mother indicate that they have had to work to assist him to try to
> overcome these deficits and that the mother knows of his struggles. The
> court found this credible. Because [E.] has had such difficulties, it is
> reasonable to believe that these difficulties will exacerbate and/or resurface
> if a large change, such as a relocation, were to occur for [E.]. Because of
> the close, nurturing, stable and important bond he has with his father (and
> all of the other significant people to him in Naches where he currently
> lives), the impact upon a relocation to a new community would cause

6

> serious consequences and impact his educational and emotional
> development. Reduction of any of the father's time with [E.] would be
> very detrimental to him.

CP at 194.

If a determination concerns whether evidence shows that something occurred or

existed, it is properly labeled a finding of fact, but if the determination is made by a

process of legal reasoning from facts in evidence, it is a conclusion of law. *State v.*

*Niedergang*, 43 Wn. App. 656, 658-59, 719 P.2d 576 (1986). The trial court's foregoing

statements set forth factual findings on the statutory factors, not legal conclusions.

Ms. Robinson's second contention is that the trial court applied the wrong

standard in entering its findings on factors 3 and 6, because it addressed E.'s interest

without applying the presumption in favor of relocation.

Under the plain language of RCW 26.09.520, the presumption in favor of

relocation factors into the trial court's decision in one and only one way: because it

exists, it is the objector's burden to overcome it. Stated differently, the advantage it

provided to Ms. Robinson was that she had no burden of demonstrating that relocating

would be more beneficial than detrimental to E. Instead, as the objector, Mr. Sodorff,

had to overcome the presumption

> by demonstrating that the detrimental effect of the relocation outweighs the
> benefit of the change to the child and the relocating person, based upon the
> . . . [11 statutory] factors.

RCW 26.09.520.

Contrary to Ms. Robinson's argument, she does not get a further benefit by having each of the 11 statutory factors examined through a relocation-favoring lens. To the contrary, and as the Supreme Court has observed, the relocation factors address "important and *competing* interests and circumstances" and "*serve as a balancing test*." *Horner*, 151 Wn.2d at 894 (emphasis added). Consideration of the competing interests cannot serve as a balancing test if they are not viewed neutrally.

Ms. Robinson's related complaint that the trial court erred by focusing on E.'s interests in analyzing factors 3 and 6 is manifestly wrong; the Supreme Court itself observed in *Horner* that factors 3 and 6 are two of the four relocation factors that *do* "focus on the child's interests." *Id.* at 894 n.9. It is clear from the plain language of the two factors that their concern is solely the child's interests. The Supreme Court further observed that "[f]actors 7, 9, and 10 focus on the family and its material needs," "[f]actors 2, 4, and 11 focus on special circumstances," and "[f]actor 5 considers the reasons of the relocating and objecting parties." *Id.*[2]

Ms. Robinson's argument that the trial court mistakenly believed that the relocation decision turned only on the best interests of E. rather than whether Mr. Sodorff

_____

[2] After specifically addressing factors 3 and 6, and having assigned error only to the trial court's findings on those factors, Ms. Robinson makes the conclusory assertion that the trial court's findings in support of factors 1, 2, 4, 5 and 7-11 are conclusions of law and erroneous. Her assertion is unsupported by legal argument or analysis and does not warrant consideration. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

8

met his burden of overcoming the presumption is belied by the trial court's introduction

to its five-page decision:

> I recognize that Ms. Robinson has a rebuttable presumption in her favor
> that the intended relocation of [E.] will be permitted. In order to overcome
> that presumption, Mr. Sodorff must demonstrate that the detrimental effect
> of the relocation outweighs the benefit of the change to [E.] and to Ms.
> Robinson based upon the factors in RCW 26.09.520. I have carefully
> weighed and considered each of the relocation factors as set forth below
> and find that the father has overcome the presumption, demonstrating to
> this court's satisfaction that the detrimental effect of the relocation upon
> [E.] outweighs the benefit of the change to he and Ms. Robinson.

CP at 191.

No error is shown.

II.    MS. ROBINSON DOES NOT DEMONSTRATE AN ABUSE OF DISCRETION BY THE COURT
IN DENYING RELOCATION

Ms. Robinson next assigns error to the trial court's decision to deny relocation.

We review a trial court's decision whether to allow parental relocation for abuse

of judicial discretion. Judicial discretion "means a sound judgement exercised with

regard to what is right under the circumstances and without doing so arbitrarily or

capriciously." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

"Where the decision or order of the trial court is a matter of discretion, it will not be

disturbed on review except on a clear showing of abuse of discretion, that is, discretion

manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."

9

*Id*. In the context of parental relocation decisions, this court has explained that "[a] trial court abuses its discretion in making a relocation decision only if it fails to consider and balance each of the 11 relocation factors." *In re Marriage of Pennamen*, 135 Wn. App. 790, 802, 146 P.3d 466 (2006). Further, "The decision whether the detrimental effects of relocation outweigh the benefits to the child and the relocating parent is inherently subjective. An appellate court may not substitute its findings for those of the trial court where there is sufficient evidence in the record to support the trial court's determination." *Id.* (footnote omitted).

Ms. Robinson's argument that the trial court abused its discretion simply repeats her arguments, already rejected, that the trial court's findings on the relocation factors were conclusions of law and failed to examine the factors through a relocation-favoring lens. *See* Br. of Appellant at 9-11. No abuse of discretion is shown.

III.    MS. ROBINSON DOES NOT DEMONSTRATE AN ABUSE OF DISCRETION BY THE TRIAL COURT IN DENYING RECONSIDERATION

Ms. Robinson's final assignment of error is to the trial court's denial of her motion for reconsideration.

By bringing a motion for reconsideration under CR 59, a party may preserve an issue for appeal that is closely related to a position previously asserted and does not

depend on new facts. *River House Dev. Inc. v. Integrus Architecture, P.S.*, 167 Wn. App. 221, 231, 272 P.3d 289 (2012). But while the issue is preserved, the standard of review is less favorable. *Id.* CR 59 provides that on the motion of an aggrieved party the court "may" vacate an interlocutory order and grant reconsideration. The trial court's discretion extends to refusing to consider an argument raised for the first time on reconsideration absent a good excuse. *Id.* (citing *Rosenfeld v. United States Dep't of Just.*, 57 F.3d 803, 811 (9th Cir. 1995) (applying parallel federal rule), *cert. dismissed*, 516 U.S. 1103, 116 S. Ct. 833, 133 L. Ed. 2d 832 (1996)). We review a trial court's denial of a motion for reconsideration for abuse of discretion. *Id.*

Here again, Ms. Robinson advances no arguments other than those we have already rejected in connection with her other assignments of error. *See* Br. of Appellant at 12. No abuse of discretion is shown.

IV.    ATTORNEY FEES

Finally, Ms. Robinson requests an award of attorney fees on appeal, citing RAP 18.1 and RCW 26.09.140, and arguing that she has the need and Mr. Sodorff has the ability to pay. In deciding whether to award attorney fees on this ground, this court considers both "the arguable merit of the issues on appeal and the parties' financial resources." *In re Marriage of Raskob*, 183 Wn. App. 503, 520, 334 P.3d 30 (2014).

In addition to attacking the merit of the appeal, Mr. Sodorff demonstrates persuasively that he lacks the ability to pay. The request for fees is denied.

11

No. 37760-1-III
*Sodorff v. Robinson*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Staab, J.